IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 11-227 |
| TERRELL DAVIS AND | : | |
| JAMAR BLACKSHEAR | : | |

SURRICK, J.                                                                                       NOVEMBER __7__, 2011

## MEMORANDUM

Presently before the Court is the Government's Motion *in Limine* to Admit Evidence of Defendant Terrell Davis's Prior Convictions. (ECF No. 42.) For the following reasons, the Motion will be granted.

**I.      BACKGROUND**

The factual background of this action is set forth in more detail in our October 28, 2011 Memorandum and Order denying Defendants Jamar Blackshear and Terrell Davis's Motion to Suppress Physical Evidence, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(C). (ECF Nos. 81-82.) On January 21, 2011, two Philadelphia Police Officers witnessed Defendants sitting in the front seats of a parked black Jeep Cherokee automobile, license plate number HRX0568 ("Jeep"). (Sept. 6 Hr'g Tr. 8-13, ECF Nos. 65-66.) Blackshear was in the driver's seat, and Davis was in the front passenger seat. (*Id.* at 12-13.) The Officers saw Defendants speak with and then reach toward one another, in motions that, based upon the officers' experience, were consistent with engaging in a narcotics transaction. (*Id*. at 17-18.) Upon realizing that the Officers were watching them, Defendants quickly made a tossing motion toward the rear of the Jeep, and then hurriedly exited the vehicle leaving the driver's side door

partially opened. (*Id.* at 17-25, 89-91.) The Officers stopped Defendants near the rear of the Jeep, as they attempted to leave the area. Defendants were patted down, and both had what felt like a large wad of money in their pockets. (*Id.* at 26-28, 92-95.) Subsequently, one of the Officers placed Davis in the patrol car. (*Id.* at 26-27, 95-96.) That Officer then returned to the Jeep, opened the front driver's side door a little further and observed a silver and black handgun in plain view, wedged between the driver's seat and the middle console. (*Id.* at 96-102.) Defendants were arrested. When Defendants were searched, both had a large amount of cash in their pockets. (*Id.* at 31-32, 102-03.) As one of the Officers looked into the back of the vehicle, he observed a plastic shopping bag. The top of the bag was open, and the Officer observed what appeared to be cocaine in the bag. (*Id*. at 103-04.) A K-9 drug sniffing dog was brought to the vehicle and alerted positive for the presence of controlled substances. A search warrant for the vehicle was obtained and executed, and items recovered from the rear of the Jeep included two plastic shopping bags containing a total of nine clear plastic sandwich bags all containing cocaine, ten cellular phones, a pair of binoculars and paperwork, including a vehicle lease agreement in the name of Blackshear. (*Id.* at 36; Sept. 9 Hr'g Tr. 103, ECF Nos. 71-72; Prob. Cause Affidavit ¶ 9, Blackshear Br. Ex. A, ECF No. 49-1; Marano Dep. 7-9, Apr. 13, 2011, Blackshear Br. Ex. B, ECF No. 49-1.)

On April 13, 2011, a grand jury returned an indictment charging Defendants each with one count of possession with intent to distribute, and aiding and abetting the possession with intent to distribute, approximately 740 grams of a mixture and substance containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2; and one count of possession of, and aiding and abetting the possession of, a firearm in furtherance of a drug trafficking crime, in

violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. §§ 924(c)(1) and (2). (ECF No. 20.) On May 12, 2011, Defendants entered pleas of not guilty on both counts. (ECF Nos. 23, 24.)

On July 11, 2011, Blackshear filed a Motion to Suppress Physical Evidence, and on August 3, 2011, Davis joined in that Motion and adopted by reference the factual and legal arguments contained therein. (ECF Nos. 41, 47.) A hearing on the Motion to Suppress was held on September 6, 2011 and on September 9, 2011. (ECF Nos. 58, 69.) By Memorandum and Order dated October 28, 2011, the Motion to Suppress was denied. (ECF Nos. 81-82.) Blackshear has advised that he intends to plead guilty to both counts.

Pursuant to Federal Rule of Evidence 404(b), the Government seeks to introduce at trial evidence of Davis's prior conviction for possession of crack cocaine in 2007 and evidence of Davis's plea of guilty to possession of crack cocaine in 2008 in the Court of Common Pleas of Philadelphia County. The Government contends that this evidence is relevant and probative, is not offered to prove Davis's character, and the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice. (Gov't's Proposed Order, ECF No. 42.) Davis opposes the Motion. (Def.'s Resp., ECF No. 46.)

## II. LEGAL STANDARD

Federal Rule of Evidence 404(b) provides that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

The Third Circuit applies a four-part test in determining whether Rule 404(b) evidence should be

admitted: "(1) the evidence must have a proper purpose under Rule 404(b); (2) it must be relevant under Rule 402; (3) its probative value must outweigh its potential for unfair prejudicial effect under Rule 403; and (4) the Court must charge the jury to consider the evidence only for the limited purpose for which it is admitted." *United States v. Moore*, 375 F.3d 259, 263-64 (3d Cir. 2004) (quoting *United States v. Vega*, 285 F.3d 256, 261 (3d Cir. 2002)) (internal quotation marks omitted); *see also Huddleston v. United States*, 485 U.S. 681, 691-92 (1988).[1] While a district court has discretion to admit evidence under Rule 404(b), it should "place on the record a clear explanation of the basis for its ruling on the admission of the evidence." *United States v. Murray*, 103 F.3d 310, 316 (3d Cir. 1997).

## III.   DISCUSSION

### A.   The Evidence Has a Proper Evidentiary Purpose

The Third Circuit has recognized that Rule 404(b) is "a rule of inclusion rather than exclusion." *United States v. Cruz*, 326 F.3d 392, 395 (3d Cir. 2003) (citing *United States v. Jemal*, 26 F.3d 1267, 1272 (3d Cir. 1994)). A court may admit prior crimes evidence "if relevant for any other purpose than to show a mere propensity or disposition on the part of the defendant to commit the crime." *United States v. Johnson*, 199 F.3d 123, 128 (3d Cir. 1999) (quoting *United States v. Long*, 574 F.2d 761, 766 (3d Cir. 1978)) (internal quotation marks omitted). For such evidence to be admissible, the Government "must clearly articulate how that evidence fits into a chain of logical inferences, no link of which can be the inference that because the

---

[1] Federal Rule of Evidence 402 provides that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible."

4

defendant committed drug offenses before, he therefore is more likely to have committed this one." *United States v. Sampson*, 980 F.2d 883, 887 (3d Cir. 1992).

The Government contends that evidence of Davis's prior narcotics convictions for possession of crack cocaine serves to prove Davis's "plan to, knowledge of, and intent to distribute and/or possess cocaine, and absence of mistake or accident, i.e., that the drugs seized by the Philadelphia Police from the Jeep Cherokee were not in fact possessed by the defendant, or that the defendant did not realize that the white substance in the baggies found in the vehicle was cocaine." (Gov't's Br. 5, ECF No. 42.) Davis contends that the evidence serves no proper evidentiary purpose. He asserts that "the Government is trying to place the drugs found in the back of the vehicle in opaque bag into the hands of Davis by his prior convictions," since there is no direct evidence that Davis handled the drugs in question or that Davis had any control of the vehicle in which the drugs were found. (Def.'s Resp. 3-4.)

We are satisfied that the Government has properly demonstrated how Davis's prior convictions for possession of crack cocaine fits into the chain of logical inferences needed in this case. The Government points out that it has the burden of proving knowledge and intent. (Gov't's Br. 7.) The Government alleges that Davis possessed the cocaine with intent to distribute it. Clearly, evidence of his prior convictions for possession of crack cocaine makes it more likely than not that Davis knew that the white substance in the plastic bag on the back seat of the Jeep was cocaine. (*Id.* at 5.) As the Government asserts, such evidence "is highly probative of [Davis's] access to and his familiarity with cocaine and cocaine packaging." (*Id.* at 7.) Moreover, it is apparent based upon his response to this Motion that Davis will claim that he had no knowledge that the contents of the bag in the Jeep was cocaine and that he was just a

mere passenger in the Jeep which belonged to his co-defendant Blackshear. The evidence of Davis's prior convictions will serve to rebut such claims. (*See* Def.'s Resp. 4 ("The investigating officers have no admissions by [] Davis that he knew the substance was in the vehicle.").) Courts have determined that evidence of a defendant's prior convictions are probative to show that a defendant knew what a controlled substance was or to rebut a defendant's anticipated claim of lack of knowledge. *See United States v. Jones*, 381 F. App'x 148, 152 (3d Cir. 2010) (finding that testimony regarding defendant's prior deliveries of crack cocaine was both relevant and introduced for permissible purposes under Rule 404(b) because it allowed the jury to infer that defendant knew the packages he delivered contained crack, which the Government was required to prove to convict Jones of the charge of possession with intent to distribute and distribution of five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1)); *United States v. Lopez*, 340 F.3d 169, 174 (3d Cir. 2003) (affirming district court's admission of defendant's prior conviction for purpose of rebutting defendant's anticipated claim of innocent association with, and lack of knowlege of, the heroin found near his bunk). The Government seeks to admit evidence of Davis's prior convictions not to show propensity or disposition on his part to commit the crime he has been charged with in this case, but rather to establish Davis's knowledge and intent.

> B. **The Evidence is Relevant**

In order to admit the prior bad acts evidence, the evidence must be relevant. *Huddleston*, 485 U.S. at 689. Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Where intent is an

essential element of the crime charged, courts have reasoned that evidence of prior similar conduct is relevant to show intent because "as a matter of logic, it is at least marginally more likely that [defendant acted] intentionally if he had previous experience with" the same or similar conduct. *United States v. Staten*, 181 F. App'x 151, 155 (3d Cir. 2006); *Gov't of Virgin Islands v. Pinney*, 967 F.2d 912, 916 (3d Cir. 1992).

The Government asserts that "[i]ntent and knowledge are relevant . . . because the burden is on the government to prove both these issues." (Gov't's Br. 7.) Davis argues that evidence of his prior convictions is not relevant because "[t]he facts in this case do not support any theory of mistake or accident as there is no evidence linking Davis directly to possession and control of the items and an assertion that Davis knew not what the substance was." (Def.'s Resp. 4.) Again, Davis's argument is based on the notion that he was a mere passenger in the Jeep around the time of the January 21, 2011 arrest, and as such, neither handled the drugs in question nor had knowledge that cocaine was in the Jeep. (*Id.*) Evidence of Davis's prior narcotics convictions for possession of crack cocaine is relevant to that defense of mere presence, or lack of knowledge. *See United States v. Snell*, No. 08-299-01, 2008 WL 4533678, at *6 (E.D. Pa. Oct. 2, 2008) (finding evidence of prior bad act relevant because it related to defendant's defense of "mere presence"). Moreover, because relevant evidence means "[e]vidence having a tendency to make the existence of any [material] fact . . . more probable or less probable than it would be without the evidence," evidence that Davis had been convicted of possession of crack cocaine makes Davis's knowledge of the presence of cocaine in the Jeep more probable than it would have been without the evidence. Fed. R. Evid. 401. Such evidence is probative to show that it was less likely that Davis was simply "in the wrong place at the wrong time." *See United States*

*v. Givan*, 320 F.3d 452, 460 (3d Cir. 2003) (finding defendant's felony conviction of distribution of cocaine relevant because such evidence made defendant's knowledge of the presence of heroin more probable than it would have been without such evidence).

### C. The Rule 403 Balancing Favors Admitting the Evidence

Even if Rule 404(b) evidence is both relevant and probative of something other than Davis's character, courts may not admit the evidence "if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." Fed. R. Evid. 403; *see also Huddleston*, 485 U.S. at 691. Factors to consider in performing Rule 403 balancing in the Rule 404(b) context include:

> the strength of the evidence as to the commission of the other crime, the similarities between the crimes, the interval of time that has elapsed between the crimes, the need for the evidence, the efficacy of alternative proof, and the degree to which the evidence probably will rouse the jury to overmastering hostility.

Kenneth S. Braum *et al.*, McCormick on Evidence § 190 (6th ed. 2009).

Davis argues that his prior convictions will be unduly prejudicial. He notes that "[w]ith the admission of convictions for drug possession, the Government will be able to assassinate the character of Davis in that he was at least a drug user and knew what drugs were." (Def.'s Resp. 4.) He asserts that even with a limiting jury instruction, the admission of the convictions will "assassinate the character of" Davis. (*Id.*) The Government contends that any danger of prejudice can be ameliorated through a proper limiting instruction. (Gov't's Mot. 9.)

We are satisfied that the probative value of Davis's prior convictions to show knowledge and intent is not substantially outweighed by the danger of unfair prejudice. In *United States v. Abbott*, 451 F. Supp. 2d 657 (E.D. Pa. 2006), the defendant contended that the court improperly admitted his 2001 conviction for possession with intent to distribute crack cocaine because of the

potential for unfair prejudice to outweigh the evidence's probative value. The court

acknowledged that because the 2001 conviction arose from a drug sale at the same location, "it

may have invited jurors to conclude unfairly that [the defendant] was guilty of the present

charges because he had engaged in identical behavior in the past at that location." *Id.* at 664.

Nevertheless, the court determined that "[d]ue to the almost complete resemblance of the 2001

conviction to the allegations of drug distribution in this case, the Court cannot fathom a scenario

where evidence of another crime would have more probative value." *Id.* Accordingly, the 2001

conviction was properly admitted. In the instant case, there is significantly less chance of

prejudice than in *Abbott* since the crimes for which Davis was convicted did not occur at the

same location as the crime in this case. The convictions nevertheless have probative value in

showing Davis's knowledge and intent, especially in light of the fact that each instance involved

the controlled substance cocaine. In addition, because the Government bears the burden of

proving Davis's knowledge and intent, the need for such evidence is substantial. *See Staten*, 181

F. App'x at 155 (rejecting Rule 403 argument because "[t]here is no question that, given a proper

purpose and reasoning, drug convictions are admissible in a trial where the defendant is charged

with a drug offense") (citation omitted). Furthermore, any danger of prejudice associated with

the admission of evidence of Davis's prior convictions can be minimized by providing the jury

with a comprehensive limiting instruction. *See Jones*, 381 F. App'x at 152 (finding that the

district court minimized the potential for prejudice by giving the jury "a thorough and

comprehensive limiting instruction").

        **D.**       **The Court Will Offer Comprehensive Limiting Instructions**

Consistent with *Huddleston*, we will offer limiting instructions both at the time that the

evidence is admitted and in the final jury instructions. *See Cruz*, 326 F.3d at 396 ("[T]he district court met the fourth requirement for admission of Rule 404(b) evidence by carefully providing the jury with limiting instructions both immediately after [the prior bad act evidence] testimony and also during the jury charge."). The limiting instruction will include the Third Circuit Model Criminal Jury Instruction 2.23, which deals with the limited purpose for which Rule 404(b) evidence may be considered by the jury.

**IV.     CONCLUSION**

For the foregoing reasons, the Government's Motion *in Limine* to Admit Evidence of Defendant Terrell Davis's Prior Convictions is granted.

An appropriate Order follows.

**BY THE COURT:**

_____
**R. BARCLAY SURRICK, J.**
